OPINION *Page 2 
{¶ 1} Defendant-appellant Jason C. Izworkski appeals the February 14, 2008 Judgment Entry of the Delaware County Court of Common Pleas in favor of plaintiff-appellee Stacy L. Izworski.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on May 12, 2001, and one child was born of the marriage: Madison, whose date of birth is July 14, 2001. The parties were subsequently divorced in the Delaware County Court of Common Pleas via Decree of Divorce filed June 5, 2002. Therein, the trial court granted shared parenting and a companionship schedule with respect to Madison. Appellant Jason Izworkski (hereinafter "Husband") was ordered to pay $400.00 per month in child support, increasing to $600.00 per month for any month Appellee Stacy Izworski (hereinafter "Wife") is ineligible for child-care assistance. The divorce decree further required the parties to participate in counseling with Dr. Kay Rothman or some other counselor approved by both parties.
 {¶ 3} Currently, Wife is 32 years-old and is employed by Sprint-Nextel as a salesperson earning approximately $69,600.00. Husband is age 31, and is employed by DHL as a salesperson earning approximately $62,368.87 per year. Wife has a child named Cody Flynt, age 16, who has childhood bipolar disorder and lives with his father's mother. Wife had paid child support for Cody in the amount of $102.00 per month. Wife has three other children who live with her: Michael, age 13; Kaitlyn, age 11; and Mason, age 11 months. Michael has cerebral palsy, and his father pays $86.00 per month in support. Kaitlyn receives social security of $304.00 per month on her deceased father's account. Wife does not receive support for Mason. *Page 3 
 {¶ 4} On January 13, 2006, Husband moved the trial court to change allocation of parental rights and responsibilities and to terminate his child support obligation, due to Wife's moving with the minor child to Marion, Ohio, without filing a notice of relocation pursuant to the shared parenting plan. On February 21, 2006, Wife moved the trial court to increase Husband's child support obligation, and to order Husband to show cause for failure to pay his child support obligation.
 {¶ 5} On February 27, 2006, the trial court magistrate appointed Mary Beth Kelleher Fisher as guardian ad litem at the cost of Husband.
 {¶ 6} Via Magistrate's Decision of March 27, 2007, the magistrate ordered Husband pay child support of $295.35 effective December 1, 2006. Wife was granted the tax exemption for 2007, 2008, 2009 and 2010. The parties were ordered to alternate the exemption after 2010 with Husband claiming the exemption in 2011. The magistrate "passed" on the medical expense issue "without prejudice." Husband was also ordered to pay the balance due on the fees for the guardian ad litem.
 {¶ 7} Husband filed objections to the Magistrate's Decision. However, Husband did not file a transcript of the proceedings before the magistrate for review by the trial court.
 {¶ 8} Via Judgment Entry of February 14, 2008, the trial court overruled Husband's objections, and adopted and approved the magistrate's decision.
 {¶ 9} Husband now appeals, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN THE PREPARATION OF THE CHILD SUPPORT CALCULATION WORKSHEET. THE RIAL [SIC] COURT ABUSED ITS DISCRETION WHEN IT ACTED CONTRARY TO OHIO REV. CODE ANN. § 3119.02 *Page 4 
BY OMITTING INCOME OF THE PLAINTIFF-APPELLANT [SIC] TO GRANT A DEVIATION FROM THE AMOUNT OF CHILD SUPPORT CALCULATED PURSUANT TO THE APPLICABLE WORKSHEET AND SCHEDULE.
 {¶ 11} "II. WHEN THE PARTIES ENTER INTO A SHARED PARENTING PLAN THAT PROVIDES FOR AN EQUAL AMOUNT OF PARENTING TIME THE BEST INTERESTS OF THE CHILD ARE SERVED BY APPLYING A WEINBERGER-TYPE OFFSET TO ESTABLISH WHAT CHILD SUPPORT, IF ANY, SHOULD BE PAID.[1]
 {¶ 12} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN THAT DEFENDANT-APPELLANT DID NOT RECEIVE A FAIR APPLICATION OF THE SUPREME COURT GUIDELINES FOR THE PURPOSES OF CHILD SUPPORT OBLIGATION UNDER THE PROPOSED SHARED PARENTING PLAN.
 {¶ 13} "IV. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO IMPLEMENT THE REIMBURSEMENT OF THE MEDICAL EXPENSES TO THE OBLIGOR BY THE OBLIGEE AS ORDERED IN THE JUDGMENT ENTRY BY PASSING ON THE MEDICAL EXPENSE ISSUE WITHOUT PREJUDICE.
 {¶ 14} "V. THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY APPLYING ALL OF THE GUARDIAN AD LITEM FEES IN THIS CASE ON DEFENDANT-APPELLANT WHICH *Page 5 
BENEFITTED BOTH PARTIES, THEREFORE PROMOTING BIAS, PREJUDICE AND FINANCIAL HARDSHIP UPON DEFENDANT-APPELLANT."
 I, II, III {¶ 15} Appellant Husband's first three assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 16} Appellant argues the trial court erred in calculating his child support obligation.
 {¶ 17} In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined the abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore, supra at 219,450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of facts. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758,1982 WL 2911. Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 18} Ohio Revised Code Section 3119.05 reads, in pertinent part:
 {¶ 19} "When a court computes the amount of child support required to be paid under a court child support order or a child support enforcement agency computes the *Page 6 
amount of child support to be paid pursuant to an administrative child support order, all of the following apply:
 {¶ 20} "(A) The parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.
 {¶ 21} "(B) The amount of any pre-existing child support obligation of a parent under a child support order and the amount of any court-ordered spousal support actually paid shall be deducted from the gross income of that parent to the extent that payment under the child support order or that payment of the court-ordered spousal support is verified by supporting documentation.
 {¶ 22} "(C) If other minor children who were born to the parent and a person other than the other parent who is involved in the immediate child support determination live with the parent, the court or agency shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption.***"
 {¶ 23} R.C. Section 3119.23, reads:
 {¶ 24} "The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code:
 {¶ 25} "(A) Special and unusual needs of the children; *Page 7 
 {¶ 26} "(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
 {¶ 27} "(C) Other court-ordered payments;
 {¶ 28} "(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
 {¶ 29} "(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
 {¶ 30} "(F) The financial resources and the earning ability of the child;
 {¶ 31} "(G) Disparity in income between parties or households;
 {¶ 32} "(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 {¶ 33} "(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
 {¶ 34} "(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
 {¶ 35} "(K) The relative financial resources, other assets and resources, and needs of each parent; *Page 8 
 {¶ 36} "(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
 {¶ 37} "(M) The physical and emotional condition and needs of the child;
 {¶ 38} "(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
 {¶ 39} "(O) The responsibility of each parent for the support of others;
 {¶ 40} "(P) Any other relevant factor."
 {¶ 41} Appellant argues the trial court failed to consider Wife's child support income she receives for Michael and Kaitlyn. Appellant notes Wife's child support obligation for Cody was suspended in April 2002. Appellant further maintains Wife should not be able to claim Mason as she co-habitated with Mason's father at the time of the decision.
 {¶ 42} Upon review of the trial court's entry and the statutory guidelines set forth above, the trial court did not abuse its discretion in rendering the child support obligation. The trial court properly deducted the amount of support Wife incurs on behalf of Mason as she does not receive any child support for him. The trial court did not err in considering any benefit Wife incurred at the time during which she co-habitated with Mason's father, as the statute excludes consideration of the same.
 {¶ 43} Further, the trial court did not error in failing to include the amount of support Wife receives on behalf of Michael or Kaitlyn as income. Neither did the trial court err in not deducting any support Wife pays on behalf of Cody, Michael or Kaitlyn. *Page 9 
Wife's payment of support on behalf of Cody was suspended in April of 2002, and she does not incur further expense on his behalf. As for Michael and Kaitlyn the trial court did not deduct from Wife's column an amount as support of the two children, but neither did the trial court include the amount attributable to support she receives on behalf of the two children, effectively balancing the factors.
 {¶ 44} Upon review of the trial court's judgment entry, we find the court did not abuse its discretion in calculating Husband's child support obligation pursuant to the worksheet and statutory considerations.
 {¶ 45} The first, second, and third assignments of error are overruled.
 IV. {¶ 46} In the fourth assignment of error, Appellant Husband argues the trial court erred in failing to order Wife to reimburse him for the medical expenses incurred pursuant to the shared parenting plan and decree of divorce.
 {¶ 47} As stated in the statement of the case, supra, the magistrate "passed" on this issue "without prejudice." Husband did not provide a transcript to the trial court upon review of his objections to the magistrate's decision, and the trial court also "passed" on the issue in adopting the magistrate's determination.
 {¶ 48} Pursuant to the parties' divorce decree, Wife is responsible for 45% of the medical expenses after the first $100.00 of uninsured medical related expenses for each year. Husband maintains Wife owes him $483.00 in unreimbursed medical expenses. Husband raised this issue in his January 13, 2006 motion for reallocation of parental rights and responsibilities. Accordingly, the issue was properly before the court, and the trial court erred in "passing" on the issue. *Page 10 
 {¶ 49} The matter is therefore remanded to the trial court for further proceedings to determine the issue of medical expense reimbursements.
 V. {¶ 50} In the final assignment of error, Appellant Husband argues the trial court erred in ordering he pay all of the guardian ad litem fees, as the guardian ad litem fees were incurred due to Wife's actions. We disagree. We note it was Husband who moved to change the allocation of parental rights and responsibilities, albeit such was precipitated by Wife's relocation.
 {¶ 51} Upon review of the record, we conclude the trial court did not abuse its discretion in ordering Appellant Husband to pay the guardian ad litem fees.
 {¶ 52} For the foregoing reasons, the February 14, 2008 Judgment Entry of the Delaware County Court of Common Pleas is affirmed and the case remanded for further proceedings in accordance with the law and this opinion.
 Hoffman, P.J., Gwin, J. and Wise, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the February 14, 2008 Judgment Entry of the Delaware County Court of Common Pleas is affirmed and the case remanded for further proceedings in accordance with the law and our opinion. Costs to Appellant.
[1] As stated, this assignment of error fails to allege any error but rather proffers a statement of law. We shall consider it as an assignment the trial court erred in not applying a Weinberger-type offset. *Page 1